## MARY M. TAYLOR'S CASE

## Oxford.    Opinion December 10, 1927.

*In the Workmen's Compensation Act the words "Arising out of" mean that there must be some casual connection between the conditions under which the employee worked and the injury which he received; and the words "In the course of" refer to time, place and circumstances under which the accident occurs.    The accident must have been due to a risk to which the injured person was exposed because employed and while employed by his employer.    Both elements must appear and the burden of proof rests upon the claimant to prove all the facts necessary to establish a right to compensation under the act.*

In this case the burden was upon the petitioner to show that the injured man, when leaving the premises and starting to cross the street, was in prosecution of a duty incumbent upon him by reason of his employment.    In other words the petitioner must show that the injury arose out of some casual connection between the employment and the accident which caused the injury. This petitioner failed to do.

On appeal.    Petition of Mary M. Taylor as alleged dependent widow of William A. Taylor, an employee of the Dunton Lumber Company of Rumford as a night watchman, who, soon after beginning his work at 5 P. M. on May 5, 1926, while walking in making his rounds in the discharge of his duties on the side of a public way adjacent to the property of employer, stopped and spoke to a man on the other side of the road and stepped toward the person spoken to and was struck by an automobile, sustaining fatal injuries.    Compensation was granted and respondents entered an appeal.    Appeal sustained.    Decree below reversed.

The case fully appears in the opinion.

*Reginald H. Harris and William Flanagan,* for petitioner.

*Eben F. Littlefield and William B. Mahoney,* for respondents.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, PATTANGALL, BARNES, BASSETT, JJ.

PHILBROOK, J.   This is a Workmen's Compensation Case arising from the accidental death of William A. Taylor while an employee of the Dunton Lumber Company.   It is admitted that the death was caused by accidental injuries, and it is also admitted that the petitioner is the dependent widow of the deceased, but the employer and its insurance carrier, appealing from the decree sustaining the award of compensation, claim that the reported case is utterly devoid of any evidence to prove that the fatal injury arose out of and in the course of Taylor's employment, and that there is no evidence from which a reasonable and rational inference can be drawn to sustain the award of compensation.

This court has held that the great weight of authority sustains the view that the words "arising out of" mean that there must be some casual connection between the conditions under which the employee worked and the injury which he received; and that the words "in the course of" refer to time, place and cirumstances under which the accident occurs.   *Westman's Case,* 118 Me. 133.   In other words, it must have been due to a risk to which the deceased was exposed while employed and because employed by the employer.   Both elements must appear, and in the hearing before the commission the burden of proof rests upon the claimant to prove the facts necessary to establish a right to compensation under a Workmen's Compensation Act.   *Mailman's Case,* 118 Me. 172.

For four years prior to the accident Taylor had been employed by the Dunton Lumber Company as night watchman.   He began work at five o'clock in the afternoon and his duties ended at six o'clock of the following morning when the mill engineer came upon the premises.

The property of the Lumber Company upon which the duties of Mr. Taylor were to be performed was located on the easterly side of a certain highway known as Prospect Avenue, and was approximately 1600 feet long on said avenue.   Taylor's duties as watchman required him to patrol practically all of the premises occupied by the Lumber Company.   It appears that a certain portion of the lumber yard lying adjacent to the avenue was wet and marshy, and that it was customary, in passing from one point to another on the avenue side of the property, for Taylor to walk along on the edge of the highway.   On the day of the accident, while performing his custom-

ary rounds of the mill property, Taylor was walking on the avenue side of the same. . Seeing a fellow-employee on the opposite side of the street he called the latter by name and took a step toward him. Whether warned by sight or sound of an approaching automobile he stepped back but was struck by the car and received the injury from which he died eight hours later.

The accident occurred about quarter past five in the afternoon, and the time clock which he was obliged to carry showed that he had performed his five o'clock punching for that afternoon.

This so-called avenue is a county road four rods in actual width. The traveled portion is a state road having a tarvia top about eighteen feet in width with shoulders on each side which are about two or three feet in width. The lumber company's buildings apparently occupy a portion of the land which is included within the four rod strip laid out as a county road.

In view of these facts the defendants claim that Taylor had left the property of his employer and started across the street on a venture of his own, not shown to be in any way connected with his employment, and that he was not in the course of his employment.

As we have already observed, the expression "in the course" of employment refers to time, place and circumstances, under which the accident occurs. Since Taylor's work began at five o'clock in the afternoon, and the accident occurred only about fifteen minutes later, during which time he had punched the watchman's clock, there should be no hesitation in saying that the accident occurred within the time of his employment.

But time of the accident alone does not settle the question of right to compensation. Place and circumstances are also essential elements. In *Paulauskis Case*, 126 Maine, 32, it is said that an accident occurring upon a public way, when the employee is prosecuting no duty incumbent upon him by reason of his employment, is not compensable because not arising out of his employment, and not occurring in the course of his employment. In the instant case, while walking upon the side of the street where automobile travel might not threaten safety, and in so walking was in the performance of duty required of him, Taylor might be in a place and under circumstances which would satisfy the requirements of law. But the evidence, instead of proving these facts, plainly shows that he had started to

cross the street, and it utterly fails to show that the crossing was in the prosecution of any duty incumbent upon him by reason of his employment. The rule is so familiar as to require no citation of authorities, that the petitioner in a compensation case must prove all the necessary elements of his case.

In *Saucier's Case*, 122 Maine, 325, an employee, leaving the factory in which she was working, voluntarily went twenty-one feet out of her way to an exhaust fan and put her hand up in front of it to see whether any air was coming into the room from it. Her hand was drawn into the fan and as a result she lost the thumb and index finger of her left hand and a part of the wrist bones. No part of her work required her to be at or near the fan. It was held that she was not doing anything connected with the business for which she was employed and she was denied compensation.

Citations might be made *ad infinitum*. The British Court in *Herbert* v. *Fox*, (1916) A. C. 405, referring to the mass of decisions turning upon nice distinctions, and supported by refinements so subtle as to leave the mind of the reader in a maze of confusion, said "From their number counsel can, in most cases, cite what seems to be an authority for resolving in his favor, on whichever side he may be, the question in dispute." We hold that under the peculiar conditions of the instant case, and the utter failure of the petitioner to prove that her husband started to cross the highway on business connected with his employment, the accident did not occur at a place and under circumstances which would entitle her to compensation.

Nor can we say that the injury arose out of the employment. There is no causal connection, shown by the petitioner to exist, between the employment and the accident which caused the injury. Failure on the part of the petitioner to show such connection, or to prove facts from which a reasonable deduction in that behalf might be drawn, is fatal. The claimant must go further than simply to show a state of facts which is as equally consistent with no right to compensation as it is with such right. Surmise, conjecture, guess or speculation are not sufficient to sustain the burden and justify a finding in behalf of the claimant. *Westman's Case,* supra.

*Appeal sustained.*
*Decree below reversed.*