ALBERT E. WHITE, Petitioner

vs.

EASTERN MANUFACTURING COMPANY, Employer

AND

AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurer.

Penobscot.    Opinion March 15, 1921.

*An employee, who also was a member of a' fire department, while on duty for his
employer, in leaving the mill where he was at work in answer to a fire alarm,
jumped over a flight of five or six steps receiving an injury to his ankle
on striking the ground, but such injury was not the result of an accident
arising "out of" and "in the course of" his employment for his
employer in the mill.    When leaping over the steps, which was
the proximate cause of the accident, he was in the employ-
ment of the fire department, and not in the employ-
ment of mill owner.    The risk was due to the
call of the fire department, and did not arise
because the employee was "doing
the duty which he was
employed to perform."*

This comes before the Law Court on an appeal from a decision of the chair-
man of the Industrial Accident Commission of Maine rendered and filed
in the office of said commission October 27, 1920.

STATEMENT OF FACTS.

On August 3, 1920, the claimant was employed as a cleaner by the Eastern
Manufacturing Company at their mill in South Brewer, Maine. He was
also a member of the Volunteer fire department of South Brewer and received
from that organization a salary of sixty-five dollars per year, dependent
upon his attendance at fires. It was the custom of the Eastern Manufactur-
ing Company to allow their employees who belonged to the Municipal Fire
Department to leave their work for the purpose of attending fires and no
deduction was made from their wages for time so lost. At 11 A. M., August
3, 1920, the city fire alarm sounded and the claimant left his work inside
his employer's building and started for the fire. He ran down a platform
and on reaching a flight of five or six steps at the end, jumped entirely over
the steps, receiving a slight injury to his ankle on striking the ground. He

continued to the fire, but was incapacitated for his work at the Eastern Manufacturing Company for the next thirteen days. His petition requested compensation for an injury arising out of and in the course of his employment. Hearing was held on the same and the commissioner awarded compensation for a period of three days commencing ten days after the accident.

At the hearing, there was no conflict of testimony or dispute as to the manner in which the accident occurred and the injury received.

*Held:*

1. That upon the foregoing statement of facts, and finding of the chairman, the only question presented upon the appeal is whether or not upon the indisputed facts, as a matter of law, the accident arose "out of" and "in the course of" the employment.

2. That there is no doubt, whatever, that when an accident occurs to an employee conducting himself properly upon the premises of the employer, while coming to or departing from his work, such accident falls within the provisions of the statute.

3. That under the terms of the statute and the rules of evidence, it is encumbent upon the claimant for compensation, to assume the burden of proof that his injury occurred:

(a)   By accident.

(b)   That the accident arose out of the employment.

(c)   That the accident arose in the course of the employment.

4. That accidents arising out of the employment are those in which it is possible to trace the injury to the nature of the employee's work or to the risk to which the employer's business exposes the employee.

5. That in order for the accident to "arise out of" the employment, the employment must have been the proximate cause of the accident.

6. That in the present case, the accident of which the petitioner complains did not arise "out of" *of* his employment.

7. That the accident did not "arise out of" his employment because there was no casual connection between the petitioner's work—what he was doing at the time of the accident—and the injury which he received. Not his employment in the mill, but his employment in the fire department in which he was engaged, when leaping over the steps, was the proximate cause of the accident.

8. That an injury is received "in the course of" the employment when it comes while the workman is doing the duty which he is employed to perform.

9. That the risk did not arise in the present case, because the petitioner was "doing the duty which he was employed to perform." The risk was due to the call of the fire department.

10. That accordingly, the risk to which the petitioner was exposed in going to the fire was not at all "because he was employed" by the defendant, but because he was employed by the fire department.

11.   That we discover no rule of law or reason, in view of which it can be said that the accident and injury for which the petitioner claims compensation, "arose in the course of his employment."

12.   That the Compensation Act should receive a liberal construction so that its beneficient purpose may be reasonably accomplished, but its provisions cannot be justly or legally extended to the degree of making the employer an insurer of his workmen against all misfortunes.

On appeal.   This case came before the Law Court on an appeal from a decision of the chairman of the Industrial Accident Commission of this State.   On August 3, 1920, the petitioner was employed as a cleaner by the Eastern Manufacturing Company at their mill in South Brewer, Maine.   He was also a member of the Volunteer Fire Department of South Brewer and received from that organization a salary of sixty-five dollars a year, dependent upon his attendance at fires.   It was the custom of the Eastern Manufacturing Company to allow their employees who belonged to the fire department to leave their work for the purpose of attending fires and no deduction was made from their wages for time so lost.   On August 3, 1920, the city fire alarm sounded and the claimant left his work inside his employer's building and started for the fire.   He ran down a platform and on reaching a flight of five or six steps at the end, jumped entirely over the steps, receiving an injury to his ankle on striking the ground.   The petition requested compensation for an injury arising out of and in the course of his employment.   A hearing was held on the petition and the chairman of the commission awarded compensation for a period of three days commencing ten days after the accident, from which decision respondents   appealed.

The case is fully stated in the opinion.

*Albert E. White*, pro se, for plaintiff.

*Andrews & Nelson, and W. T. Gardiner*, for defendants.

SITTING:   CORNISH, C. J., SPEAR, DUNN, WILSON, DEASY, JJ.

SPEAR, J.   This case comes before the Law Court on an appeal from a decision of the chairman of the Industrial Accident Commission of Maine rendered and filed in the office of said commission October 27, 1920.

## STATEMENT OF FACTS.

On August 3, 1920, the claimant was employed as a cleaner by the Eastern Manufacturing Company at their mill in South Brewer, Maine. He was also a member of the Volunteer Fire Department of South Brewer and received from that organization a salary of sixty-five dollars per year, dependent upon his attendance at fires. It was the custom of the Eastern Manufacturing Company to allow their employees who belonged to the Municipal Fire Department to leave their work for the purpose of attending fires and no deduction was made from their wages for time so lost. At 11 A. M., August 3, 1920, the city fire alarm sounded and the claimant left his work inside his employer's building and started for the fire. He ran down a platform and on reaching a flight of five or six steps at the end, jumped entirely over the steps, receiving a slight injury to his ankle on striking the ground. He continued to the fire, but was incapacitated for his work at the Eastern Manufacturing Company for the next thirteen days. His petition requested compensation for an injury arising out of and in the course of his employment. Hearing was held on the same and the commissioner awarded compensation for a period of three days commencing ten days after the accident.

At the hearing before the chairman of the Industrial Accident Commission, there was no conflict of testimony or dispute as to the manner in which the accident occurred and the injury was received.

The decision of the chairman in favor of the petitioner is based upon the following finding in which it is said: "Universally compensation has been awarded an employee, injured accidentally while going to his work or leaving his work if he be still on the company's premises and conducting himself in a proper manner. In the case at bar, Mr. White was leaving his work, as he had a right to do. Under such circumstances, he was still on the company's premises. Had he been injured similarly on the way out to lunch or at the close of the day, there can be no doubt he would have been entitled to compensation."

Upon the foregoing statement of facts, and finding of the chairman, the only question presented upon the appeal is whether or not upon the undisputed facts, as a matter of law, the accident arose "out of" and "in the course of" the employment.

There is no doubt, whatever, that when an accident occurs to an employee, conducting himself properly, upon the premises of the employer, while coming to or departing from his work, such accident falls within the provisions of the statute, as it is absolutely necessary that an employee must come and go in order to engage in an employment at all. Consequently, an accident happening to him under such conditions both arises "out of" and "in the course of" his employment. But that is not the case at bar.

In *Westman's Case*, 118 Maine, 133, it was decided that under the terms of the statute and the rules of evidence, it was incumbent upon the claimant for compensation, to assume the burden of proof that his injury occurred:

(a)  By accident.

(b)  That the accident arose out of the employment.

(c)  That the accident arose in the course of the employment.

Then the opinion proceeds to differentiate between the meaning of the phrases "arise out of" and "in the course of" as follows: "Even if there be an accident which occurred 'in the course of' the employment, if it did not 'arise out of' the employment, there can be no recovery; and even though there be an accident which 'arose out of' the employment, if it did not arise 'in the course of' the employment, there can be no recovery."

Under the above distinction, an accident must both "arise out of" and be "in the course of" the employment.

The petitioner was employed to do certain work in the mill of the respondents. He was engaged in this work when the fire alarm sounded. At that moment, he ceased to work for the respondents and started on the run from the mill to begin work in pay of the fire department. The work in the fire department was no part of and had no connection with his duties of employment in the mill.

It is perfectly evident that at some point and some moment his employment ended with the mill and commenced with the fire department. By no process of reasoning, can the point of separation between these two employments be fixed, except at the time he left his employment for the respondent and began his employment for the fire company. He could not be working for both at the same time.

The fact that he was upon the premises when the accident occurred can have no bearing upon the question unless the accident arose out of or in the course of his employment.

The interpretation of the phrases "out of" and "in the course of" have been fully reviewed in *Westman's Case*, 118 Maine, 133 and *Mailman's Case*, 118 Maine, 172.

In the former case, the court say: "The great weight of authority sustained the view, that these words, 'arise out of' mean, that there must be some causal connection between the conditions under which the employee worked and the injury he received. . . . It excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment."

"The accidents arising out of the employment are those in which it is possible to trace the injury to the nature of the employee's work or to the risk to which the employer's business exposes the employee."

It might with safety be said that in order for the accident to "arise out of" the employment, the employment must have been the proximate cause of the accident.

In Westman's Case, it is said: "An injury is received 'in the course of' the employment, when it comes while the workman is doing the duty which he is employed to perform."

In *Mailman's Case*, 118 Maine, 172, the court say: "Both of these elements must appear. The accident must have arisen 'out of' and 'in the course of' the employment. In other words, it must have been due to a risk to which the deceased was exposed 'while employed' and 'because employed.' "

We are of the opinion that in the present case, the accident of which the petitioner complains did not arise "out of" nor "in the course of" his employment.

It did not "arise out of" because when the petitioner dropped his broom in the mill, he left his work for the time being, for the respondents and, whe nhe started for the fire, began his work, for the time being, for the fire department. He was responding to the call of a different employer and on his way to engage in the new employment. His work in the mill did not at all require him to leave the mill at the time he started for the fire. It was because

of the fire, and not because of his work in the mill, that he proceeded to leave the building. He happened to be in the mill when the alarm sounded, and hence had to leave the mill; not however, in doing a mill duty, but a fireman's duty.

The accident did not "arise out of" his employment, because there was no causal connection between the petitioner's work—what he was doing at the time of the accident—and. the injury which he received. Not his employment in the mill, but his employment in the fire department in which he was engaged, when leaping over the steps, was the proximate cause of the accident.

Nor do we think. the risk arose "in the course of" the employment. Westman's Case states the rule under this head, as follows: "An injury is received 'in the course of' the employment when it comes while the workman is doing. the duty which he is employed to perform."

The risk did not arise in the present case, because the petitioner was 'doing the duty which he was employed to perform.' . The risk was due to the call of the fire department. It would have been precisely the same, under the contract with the fire department, had he been working in any other employment whatever it might have been. His work in the fire department had no connection with his work in the mill. Wherever he was, or whatever he was doing, at the sound of the alarm, it was his duty to drop his employment and forthwith assume his duties as a fireman. He happened to be in the mill at the time, but, upon the alarm, his duty by contract began with the fire department.

Accordingly, the risk to which the petitioner was exposed in going to the fire was not at all 'because he was employed' by the defendant, but because he was employed by the fire department, in the important duty which that connection imposed upon him of at once leaving his regular work to engage in the fire department work in protecting the community against the ravages of fire.

Analogous to the case at bar is *Pierce* v. *Boyer-Van Kuram Lumber & Coal Co.*, 99 Neb., 321 L. R. A., 1916D, 970, in which it is said: "There is no doubt under the many authorities cited by both parties that if the workman abandons his employment, even for a short time, and engages in play, or some occupation entirely foreign to his employment, he is not entitled to compensation for an acci-

dent by which he is injured while so doing." See also *Urban* v. *Topping Bros.*, 172 N. Y. Supp., 432. *Inland Steel Co.* v. *Lambert*, Ind., 118 N. E., 162. *Rocheford's Case*, 234 Mass., 93, 124 N. E., 891. The rule seems to be well stated by the Associate Legal Member of the Maine Industrial Accident in *Doughty* v. *Sargent Dennison Co.*, in a decision rendered March 18, 1920 as follows: "Clearly, Compensation is not recoverable where an employee is injured while doing something solely for his own benefit; where, although the injury arises from the risk of the occupation, it is received while the employee has turned aside from the employment for his own purpose." See also cases cited under the above decision.

We discover no rule of law or reason, in view of which it can be said that the accident and the injury for which the petitioner claims compensation, arose "out of" and "in the course of" his employment. This case is of little consequence in the amount involved ($6.43) either to the employer or to the employee, but is important in arriving at a proper interpretation of the statute applicable to such a case.

In arriving at the above conclusion, we do not lose sight of the well settled rule that the Compensation Act should receive a liberal construction so that its beneficient purpose may be reasonably accomplished. Its provisions, however, cannot be justly or legally extended to the degree of making the employer an insurer of his workmen against all misfortunes, however received, while they happen to be upon his premises. Such was not the intent of the statute.

The employer has rights as well as the employed. Their rights stand upon an equality in the eye of the law. Perversion of the law, either to benefit the employee or protect the employer, has the tendency only to bring the law into contempt. This Compensation Act, therefore should be administered with great care and caution, with judicial discretion and impartial purpose, striving only to discover the spirit and the letter of the law, and to apply them without fear or favor.

*Appeal sustained.*
*Compensation denied.*