## ORLOW WEBBER'S CASE.

York.   Opinion June 19, 1922.

*The finding of the chairman of the Industrial Accident Commission that the injury complained of arose out of and in the course of the employment, sustained.*

In the instant case the sudden, unexpected fall to the floor was the accident, and the injury to the knee or leg, diagnosed by the attending physician as a strain or sprain of the knee, resulted from it.

That the injury was received in the course of the employment is evident.

On appeal.   This is a proceeding under the Workman's Compensation Act.   Claimant was a night watchman, his chief duties being to make the rounds of the mill where he was employed.   He claimed that in making his rounds while walking on a level floor he experienced a sharp pain in his knee or calf of the right leg, and that his leg gave away and he fell over on to the floor.   Respondents resisted compensation alleging that the injury did not arise out of and in the course of the employment of claimant, and that claimant had not given to employer the required written notice of the accident.   Compensation in the sum of fifteen dollars per week for a period of five weeks and two days was awarded, and respondents appealed.   Appeal dismissed with costs.   Decree below affirmed.

The case is stated in the opinion.

Petitioner was not represented by counsel.

*Andrews, Nelson & Gardiner,* for respondents.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, WILSON, JJ.

MORRILL, J.   The facts as to the occurrence resulting in the alleged injury appear from the testimony of the claimant alone.   The incident happened in the early morning, about one o'clock, of June 8, 1921.   The claimant was then, and had been for many years, employed as night watchman by Rogers Fibre Board Company; his duties began at six o'clock at night and continued until six o'clock in the morning; they included the hourly winding of the clocks placed

in different parts of the mill; on this night he had regularly made his rounds, each time climbing seventy-two steps; he was upon his rounds and had just climbed a flight of stairs and proceeded about ten feet inside a room, walking on a level floor, when as he describes the occurrence: "I felt a little pain in my knee below those cords.— I don't know whether it was in the knee or what it was,—it all gave out . . . . I had such a sharp pain I couldn't locate it. Took me here (in calf of the right leg and knee), then my knee let go. . . . It went out from under me as quick as a flash, then I went down. I remember throwing the lantern to one side when I went down." .

On cross-examination by a representative of the insurance carrier, he testified:

Q. This night you done your work as usual up to one o'clock A. M. A. Yes, sir.

Q. And was walking right along a level floor. A. Yes, sir.

Q. And you had a sharp pain in this knee or calf where you had had slight pains before, in your right leg?

A. Yes, sir.

Q. On this sharp pain you went right down on the floor on the left side? A. Yes, sir.

Q. You didn't do anything to that leg going down, it all happened right then, or you didn't do anything to it after you went down? A. Yes, sir—it all happened right then.

Q. In a second? A. Yes, sir.

Q. The pain was so sharp the leg gave way and you fell over on the left side, that is a fair statement of it, isn't it?

A. Yes, sir.

Q. You had a sharp acute pain in that leg, it gave way and after that it bothered you? A. Yes, sir.

Q. You didn't stumble, slip or trip, or anything of that kind? A. No.

He was unable to proceed with his work, but with the aid of boards, used as crutches, he reached the boiler room and remained there until . the day man arrived. During the morning the leg began to swell and he was taken home on a truck.

The claimant is a man sixty-three years of age, who had worked for the Rogers Fibre Company as night watchman for about eighteen years; he had laid off on the nights of June 4th, 5th and 6th, complain-

ing that his legs were "bothering" him, more especially the left leg, but on the night in question he testifies that he felt no pain in his legs previous to the sharp pain which caused him to fall.

The physician who attended him found the knee swollen and inflamed; he testified in answer to questions by the chairman;

Q. What did you diagnose the trouble with the knee to be at that time? A. A strain of the knee.

Q. You say the knee was swollen? A. Yes, sir, and inflamed and sprained.

No testimony was introduced by the employer or the insurance carrier; upon the undisputed testimony the chairman awarded compensation, and the respondents appeal. We think that the award should be sustained.

The sudden, unexpected fall to the floor was the accident, and the injury to the knee or leg, diagnosed by the attending physician as a strain and sprain of the knee, resulted from it. The chairman so finds; he says that the claimant received "a personal injury from accident arising etc. to wit: a sudden pain and giving away of something about the right knee and calf of his right leg, causing him to fall, and which was immediately followed by acute inflammation and swelling." This finding supports the claim stated in the petition for compensation.

That the injury was received in the course of the employment, is evident. The claimant was at the time engaged in the work which he was employed to perform; that is the test. *Westman's Case,* 118 Maine, 142.

Did the injury arise out of the employment? This question must also be answered in the affirmative; the chairman has so found upon the undisputed facts. We think that the finding is warranted.

Here there must be some causal connection between the conditions under which the employee worked, and the injury which he received. *Westman's Case,* supra. That the sudden cramp and instant fall of the claimant was caused by the performance of his duty in hourly making his rounds and climbing the stairs, may properly and reasonably be found; it was traceable to his work. *Westman's Case,* supra, and the cases cited in that opinion must govern here.

> *Appeal dismissed with costs.*
> *Decree below affirmed.*