### HERMON E. HENRY'S CASE.

#### Hancock.    Opinion October 17, 1924.

*"Dependency" under the Workmen's Compensation Act is determined by the question whether claimant is dependent on the earnings of the employee for support at time of injury.    Contributions, if not necessary for the support of claimant and not by him relied upon for his support, do not constitute dependency.*

In the instant case the finding of the Commission on the question of dependency, being a question of fact, is final under the evidence. Dependency is a condition precedent to award of compensation.

On appeal. A minor son of claimant, nineteen years of age, was fatally injured while in the employ of the Bar Harbor & Union River Power Company at Ellsworth. The son worked out at odd jobs when not in school, living at home, and from his earnings gave to his father from time to time a part of them. The question involved was as to whether claimant was dependent on the earnings of the minor son for his support. After a hearing the Commission found that

claimant was not dependent on the earnings of the minor son and denied compensation. From a decree of the sitting Justice affirming the findings of the Commission an appeal was taken. Appeal dismissed. Decree affirmed.

The case is stated in the opinion.

*D. E. Hurley,* for claimant.

*Gillin & Gillin and Robert Payson,* for respondents.

SITTING:    CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, JJ.

CORNISH, C. J.    Appeal by claimant, alleged partial dependent father, from a decree of the sitting Justice affirming a decision of the associate legal member of the Industrial Accident Commission, hereinafter termed the Commission, dismissing the petition for compensation.

The facts found by the Commission are thus stated in the decision:

"It seems that deceased, a school boy 19 years old, was killed on the first day of his employment by the respondent Power Company during temporary suspension of his school on account of an epidemic. During vacations and out of school hours he had been doing various odd jobs, including driving a public auto, and had been living at home, paying for his own clothing and occasionally turning over to his parents small sums of money and at times buying groceries for the family. It is contended by claimant that his son's earnings during the year preceding his death were about $200 and that of this sum perhaps half was expended for his own pleasure, the rest being a material contribution to the family fund and so to be regarded as a contribution in arriving at compensation for partial dependency inasmuch as a father is bound by law to support his minor children." This is a fair statement of the claimant's contention.

The Commission further found that the "claimant was a man in the prime of life and of vigorous health, with an equity in his house, working at the time as a carpenter and earning $45.50 for a full week, the work of course depending upon weather conditions." Five children are left at home varying in ages from eighteen to five. The two older ones earn small amounts outside of school hours. The claimant up to within two weeks of the accident to the son had been acting as Superintendent of Schools of Ellsworth, Surry and Dedham at a salary of $2,100.

What constitutes dependency in this State under the Compensation Act has been clearly and recently defined in *MacDonald's Case,* 120 Maine, 52. Applying the rule there laid down the Commission held that "from all the evidence in the case it cannot be found that claimant was actually dependent upon his son for support within the meaning of the provisions of the Workmen's Compensation Act as explained by the MacDonald decision."

This ruling, which involves a question of fact, should not be disturbed. The Commission's finding is final under the evidence. Dependency is a condition precedent to award of compensation. Mere reception of assistance does not of itself create it. The test is, were the contributions necessary and were they relied upon by claimant for his means of living, his station in life being considered, and further were such contributions more than offset by the support rendered by the father.

In determining these questions where the decision is against the claimant it must be remembered that the trier of facts is not bound to accept certain testimony as conclusive. Its weight and credibility are for him. *Orff's Case,* 122 Maine, 114.

*Appeal dismissed.*
*Decree affirmed.*