### BEVERAGE'S CASE.

Knox County. Decided September 24, 1927. Appeal from refusal to award compensation under Workmens' Compensation Act.

The sole issue was dependency.

The commission found against the petitioner, the decree stating, "There was no evidence that petitioner was actually dependent upon her son, in any degree."

Appellant urges that such a finding is not a finding of fact but a conclusion of law and reviewable.

We regard this finding as equivalent to one that there was no sufficient evidence of dependency. Not that there may not have been some testimony offered tending to establish dependency but, in the judgment of the commission, insufficient for that purpose. Meticulous nicety of language, although desirable, is not always found nor to be expected in legal decisions.

It is not uncommon to speak of insufficient evidence as "no evidence". The expression may be found, so used, in very many opinions of this and other courts.

The finding is, in intention and obvious meaning, similar to that in *Henry's Case*, 124 Me. 106. In the decree in that case the court said, "From all the evidence in the case it cannot be found that the claimant was actually dependent upon his son for support."

"This ruling", said Cornish, C. J., "which invokes a question of fact, should not be disturbed. ' The commission's finding is final under the evidence."

"The trier of fact is not bound to accept certain testimony as conclusive." *Orff's Case*, 122 Maine, 114.

He may reject as utterly false, testimony offered to establish any certain fact. He may regard such evidence as so unsubstantial as not to be entitled to any weight. Assuming such a situation, he is quite correct in saying that there was no evidence to sustain the given contention.

It is a mere play on words to distinguish the language used in this decree from that used in *Henry's Case*, supra.

The ruling involved a question of fact and there being sufficient in the record to give it basis, is not reviewable by this court. Appeal dismissed. *C. S. Roberts*, for petitioner. *Robinson & Richardson*, for respondents.