FLORENCE WEYMOUTH,
WIDOW OF GEORGE A. WEYMOUTH, PETITIONER

*vs.*

BURNHAM & MORRILL COMPANY, EMPLOYER ET AL.

Franklin.      Opinion, September 7, 1938.

*Sumner P. Mills,*
*Berman & Berman* (Lewiston, Maine), for appellant.
*Forrest E. Richardson,* for appellee.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MAN-
SER, JJ.

HUDSON, J.    Appeal from a *pro forma* decree of a justice of the
Superior Court denying an award of compensation under the
Workmen's Compensation Act.

The petitioner's husband, seventy years old and lame, was killed
on the fourth day of September, 1937, while "in the course of" his
employment with the defendant company. He worked as a mechanic
in its corn factory at Farmington Falls. He lived from a third to a
half of a mile distant therefrom and for conveyance to and fro used
an old Model T Ford. The morning of the accident, he began work
at 6:30 and worked until midnight. On that day he parked his car
in an area used generally by the workmen for parking purposes.
Parallel with the wall of the factory and near it was a ditch some
two feet in depth and width. He left his Ford approximately three or
four feet outward from the ditch, headed toward the factory. Upon
leaving for home that night, he cranked his car and immediately it
started ahead, struck and pushed him against the wall. He was in-
jured seriously and died a few hours after being taken home.

The Ford had an old-style planetary transmission. The emer-
gency brake was out of repair and it did not throw the clutch out as
it should have done. So the car, when cranked, started ahead and
caused the accident.

Two questions are presented. First, is the decision reviewable,
and second, did the accident actually "arise out of" the employ-
ment?

FIRST: The commissioner found and stated:

"While it was convenient for him to use his Ford truck in going to and from his work, we do not find that it was a necessity as he lived within a short distance of the factory in a village which had good streets and sidewalks and his lameness did not prevent him from walking about attending to the machines in the factory."

The employer contends that this was a finding of fact which, under the statute, is final in the absence of fraud (see Section 36, Chapter 55, R. S. 1930), and that if he were using his automobile unnecessarily, simply for his own convenience, the injuries received are not compensable.

"When the commissioner finds the facts *in favor* of a petitioner, in the absence of fraud, the finding is final if there is any legal evidence, however slender, to sustain it. It is when the commissioner decides facts without evidence or upon illegal or inadmissible evidence, that an error of law is committed which this court is required to correct. *Gauthier's Case*, 120 Me., 78; *Mailman's Case*, 118 Me., 176.

"But where as in this case the finding and decree of the commissioner are *against* the petitioner, no such rule prevails." *Orff's Case*, 122 Me., 114, 116.

So in the instant case, although this was a finding of fact, it was against the petitioner and does not come within the rule of finality.

It being reviewable, the case may be disposed of on the second ground now to be considered.

SECOND: Did this accident arise out of the employment? One of Maine's earliest cases to deal with the words "arising out of" employment is *Westman's Case*, 118 Me., 133, 106 A., 532, where it was stated on page 143, 106 A., on page 537:

"The great weight of authority sustains the view that these words 'arising out of' mean that there must be some causal connection between the conditions under which the employee worked, and the injury which he received."

Cited therein is *Mitchinson* v. *Day Bros.*, 6 B. W. C. C., 191, holding that "'Nothing can come "out of the employment" which has not, in some reasonable sense, its origin, its source, its *causa causans*, in the employment.'" Then our Court continued:

"It might with safety be said that, in order for the accident to arise out of the employment, the employment must have been the proximate cause of the accident."

Also cited is the leading Massachusetts *McNicol's Case*, 215 Mass., 497, 102 N. E., 697, wherein is this statement:

"It 'arises out of' the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant."

In *Mailman's Case*, supra, on page 180 it is stated:

"The accident must have arisen out of and in the course of the employment. In other words, it must have been due to a risk to which the deceased was exposed while employed and because employed by the defendant."

Also see *White* v. *Insurance Co.*, 120 Me., 62, 67, 68, 112 A., 841.

The accident must be traceable to the work. *Webber's Case*, 121 Me., 410, 117 A., 513. In *Saucier's Case*, 122 Me., 325, 119 A., 860, the Court emphasized the necessity of the employment being the proximate cause of the accident and discussed that principle at

some length. Likewise see *Gray's Case*, 123 Me., 86, where this Court, with citation of authorities, stated on page 88, 121 A., on page 557:

> "An injury is deemed to arise out of employment when there is apparent, on consideration of all the circumstances, the relation of cause and effect between the conditions under which the work is required to be performed and the resulting injury . . . ; when it is a direct and natural result of a risk reasonably incident to the employment . . . ; when it is possible to trace the injury to the nature of the employee's work, or to the risks to which the employer's business expose the employee . . . ; and when the injury may be seen to have had origin in the nature of the employment . . . ."

Then the Court said by way of disposition of that case that "Claimant's injury arose, not out of his employment as a contributing proximate cause, but in broadest view only in the course of that employment." In *Washburn's Case*, 123 Me., 402, 123 A., 180, *Mc-Nicol's Case*, supra, is cited to the effect that " 'The causative danger must be peculiar to the work and not common to the neighborhood,' " and it is said:

> "The statute cannot be legitimately construed in the light of providing that every accident that may happen to the employee, even while he is on the premises of his employer, shall be of its essence. Each case is to be decided upon the particular facts. And there must not be too clamorous insistence in pressing any claim beyond safe limits."

Also see *Healey's Case*, 124 Me., 145, 126 A., 735, dealing with proximate cause. *Fogg's Case*, 125 Me., 168, 132 A., 129, emphasizes that the causative danger must be incidental to the character of the employment. *Vide Mary M. Taylor's Case*, 126 Me., 450, 139 A., 478; *Sullivan's Case*, 128 Me., 353, 147 A., 431; *Veilleux's Case*, 130 Me., 523, 157 A., 926.

> "To rise out of the employment an injury must have been due to a risk of the employment, . . ." *Wheeler's Case*, 131 Me., 91, 93, 159 A., 331, 332.

Applying the law as enunciated in the foregoing cases, we are of the opinion that this accident did not "arise out of" the deceased's employment. Its cause was the cranking of the Ford while it was in a defective condition. The causative danger was not peculiar to the work and did not come out of the employment. It was a hazard to which the deceased would have been equally exposed apart from it. It was not a risk to which he was exposed because employed by the defendant. The injury received can not fairly be traced to the employment or conditions connected therewith as a contributing proximate cause. The accident not "arising out of" the employment is not compensable.

*Appeal dismissed. Decree below affirmed.*