ELLAINE DROUIN PRO AMI
*vs.*
ELLIS C. SNODGRASS COMPANY ET AL.

Cumberland.    Opinion, December 12, 1941.

*Jerome G. Davian,*

*F. Harold Dubord,* for plaintiff.

No attorney representing defendants on appeal.

*Warren E. Belanger,* for alleged dependent widow.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

STURGIS, C. J.   This is an appeal from the decree of a justice of the Superior Court affirming the decision of the Industrial Accident Commission.

It appears from stipulations made at the hearing that Rosaire Drouin formerly of Waterville was injured on the twenty-fifth day of April, 1940, in an accident arising out of and in the course of his employment by the defendant, the Ellis C. Snodgrass Company, and death followed immediately. He was survived by a widow, Yvonne Drouin, and a stepson, with both of whom he was living, and by a daughter, Ellaine Drouin, about fourteen years old, who was born of a former deceased wife and had lived since early infancy with the paternal grandparents in Canada. This girl, by her next friend, is the petitioner and appellant in this proceeding.

The Industrial Accident Commission found that the petitioner's mother having died in child birth, the infant, when a few days old, was taken by her father's parents to Canada and since that time has been cared for and supported by them in their home. Although the father, the deceased employee, sent small amounts of money annually to his mother and at one

time paid for the maintenance of the child for a year in a convent, he never otherwise supported his daughter. The conclusion of the Commission was stated as follows:

"We are of the opinion and so find as a fact that the minor daughter, Ellaine Drouin, who was not living with her father at the time of his decease and in fact never lived with him, was not actually dependent upon him for support at the time of the accident within the meaning of the provisions of the Workmen's Compensation Act, and that the meager contributions which he sent to the grandmother from time to time were not relied upon for the support of his minor daughter, Ellaine, but were in the nature of gifts."

For failure to sustain the burden of proving her dependency the minor's petition for award of compensation was dismissed. The decree of the Commission being against the petitioner, the finding of facts is open to review. *Weymouth* v. *Burnham & Morrill*, 136 Me., 42-44, 1 A., 2d, 343; *Orff's Case*, 122 Me., 114-116, 119 A., 67. On the pleadings the petitioner's dependency is the only issue. *Weliska's Case*, 125 Me., 147, 131 A., 860.

Under the Workmen's Compensation Act, if death results from a personal injury to an employee received by accident arising out of and in the course of his employment, the dependents of the employee wholly dependent upon his earnings for support at the time of his accident are entitled to compensation. Sec. 14, Chap. 55, R. S. as amended by Sec. 6, Chap. 276, P. L. 1939. Children of the deceased employee are conclusively presumed to be wholly dependent upon him for support if within Clause c, Par. VIII, Sec. 2, Chap. 55, R. S. as amended by Sec. 4, Chap. 276, P. L. 1939, which in its material parts reads:

"(c) A child or children, including adopted and step-children, under the age of 18 years or over said age but physically or mentally incapacitated from earning, upon the parent with whom he is or they are living, or upon

whom he is or they are actually dependent in any way at the time of the accident to said parent, there being no surviving dependent parent. . . . In case there is more than one child dependent, the compensation shall be divided equally among them."

The conclusive presumption prescribed by the current statute is as in the original Act. P. L. 1919, Chap. 238. When no dependent parent survives a deceased employee, if a child, as defined, is living with the parent, the presumption of total dependency prevails. So, too, if a child is living apart from the parent and the state of the child when the employee met with his accident is that of actual dependency in any way. A child brought within this provision is presumed to be wholly dependent. This interpretation put upon the law in the beginning is still applicable. See *Weliska's Case*, supra.

The term "dependent" as used in the Workmen's Compensation Act has a well-known and accepted meaning. The mere reception of assistance in the form of contributions or otherwise does not of itself create dependency. The controlling test is was the assistance relied upon by the claimant for his or her reasonable means of support and suitable to his or her position in life. *Dumond's Case*, 125 Me., 313, 133 A., 736; *Henry's Case*, 124 Me., 104, 126 A., 286; *Weliska's Case*, supra. And "actually dependent" means "dependent in fact." *Muzik* v. *Erie R. Co.*, 85 N. J. L., 129, 89 A., 248, 249; *Miller* v. *Public Service Ry. Co.*, 84 N. J. L., 174, 85 A., 1030; 2 Words and Phrases, Perm. Ed., 240; 28 R. C. L., 770, Sec. 65. In the case at bar the burden of proving actual dependency in any way upon the parent at the time of his accident rested upon the claimant. It was not sustained by evidence which merely showed that the deceased employee had made small annual contributions in the form of gifts in or near the holiday season to his daughter through her grandmother and for a time had defrayed her expenses in a convent. The finding of the Industrial Accident Commission in this regard was not error.

It is argued orally and on the brief, however, that the legal obligation of a parent to support his minor child in itself establishes statutory dependency entitling the claimant to compensation. This contention is too broad. True it is that in this jurisdiction a father is bound by law to support his minor children. *Gilley* v. *Gilley*, 79 Me., 292, 9 A., 623; 1 Am. St. Rep., 307. And for failure to do so severe penalties are provided by statute, P. L. 1931, Chap. 204, Chap. 129, R. S. 1930, Secs. 44, 45. Dependency, however, as known to the Workmen's Compensation laws is something different from the right to have support or the duty of a parent to render it. In the absence of express statutory authority therefor, it is generally held that a finding of dependency cannot rest on proof alone of the relation of parent and child but there must be some evidence of a reasonable probability and expectation that the obligation of the parent will be fulfilled and thereby have some real as well as mere theoretical value. *Ocean A. & G. Corp.* v. *Industrial Comm.*, 34 Ariz., 175, 269 P., 77; *Colorado F. & I. Co.* v. *Industrial Commission*, 90 Col., 330, 9 P., 2d, 285; *Commission* v. *Downton*, 135 Md., 412, 109 A., 63; *Glaze* v. *Hart et al.*, 225 Mo. App., 1205-1211, 36 S. W., 2d, 684; *Sweet* v. *The Sherwood Ice Co.*, 40 R. I., 203, 100 A., 316; *Harding* v. *Compensation Com'r.*, 114 W. Va., 817, 174 S. E., 328; *Utah Fuel Co.* v. *Industrial Commission*, 80 Utah, 301, 15 P., 2d, 297, 86 A. L. R., 858; *Lloyd-McAlpine L. Co.* v. *Industrial Comm.*, 188 Wis., 642, 206 N. W., 914; 1 Honnold's Workmen's Comp., Sec. 82; 71 Corpus Juris, 531. The following cases relied upon in the claimant's brief are not in conflict with the general rule. *Kennedy* v. *Keller*, 225 Mo., App., 561, 37 S.W., 2d, 452; *Borgmeier* v. *Jasper et al.* (Mo.), 67 S. W., 2d, 791; *Martin et al.* v. *Narragansett E. L. Co.*, 49 R. L. Co., 265, 142 A., 225.

The legal liability of the deceased employee to support his minor child and the probability that he would fulfill this obligation apparently was not considered by the Industrial Accident Commission in this case. Nor does the record show that evidence was taken upon this issue. To the end that these de-

ficiencies may be supplied the case should be recommitted to the Industrial Accident Commission for further proceedings. *Guthrie* v. *Mowry et al.*, 134 Me., 256, 184 A., 895; *Martin's Case,* 125 Me., 221, 132 A., 520; *Maxwell's Case,* 119 Me., 504, 111 A., 849; *McKenna's Case,* 117 Me., 179, 103 A., 69.

*Appeal sustained.*
*Decree of sitting justice reversed.*
*Case recommitted for further proceedings.*