NELLIE E. RILEY

*vs.*

OXFORD PAPER COMPANY

AND

LIBERTY MUTUAL INSURANCE CO.

Oxford.   Opinion, January 19, 1954

*Berman & Berman,* for plaintiff.

*Robinson & Richardson,* for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, WEBBER, JJ. TIRRELL, J., did not sit.

WEBBER, J. On appeal from a *pro forma* decree of the Superior Court affirming a decree of the Industrial Accident Commission awarding compensation to petitioner as widow of deceased employee.

The essential facts as found by the Commission are not in dispute. After lunch on August 23, 1951, decedent was walking along a loading platform toward the location of his afternoon work assignment. Suddenly he fell, the fall being observed by other employees. He was seen to clasp both hands to his left side or abdomen, and heard to give some sort of outcry. He then slumped slowly and sidewise, and then fell to the platform, his face striking on the left side. He was rendered unconscious and died four days later. The cause of death was a fracture of the skull with possible brain lacerations resulting from the impact of the head of the decedent upon the platform.

The platform at the point of fall was composed of plates of heavy steel about a quarter inch thick with a small embossed pattern. The pattern was present for safety purposes and was serving those purposes. The day was hot and dry. The platform was dry and free from obstructions or foreign substances such as water, oil, grease, or clay. The decedent did not slip, trip or stumble. His work had been light and there was no suggestion of overexertion. The fall was caused not by any condition of the employment or any risk or hazard connected therewith, but was caused solely and exclusively by a seizure or sudden illness within

and personal to the decedent. In short, as properly found by the Commission, we are considering what is known as an idiopathic fall on and to a level floor. Whether such an accident is compensable appears to be of novel impression in this state.

It is not disputed that decedent was injured by an accident, that the injury caused his death, and that the accident occurred in the course of his employment. The only issue is whether or not the accident *arose out of his employment* as required by R. S., 1944, Chap. 26, Sec. 8. Upon this question there is a decided split of authority and much confusion in the reasoning employed. As some of this confusion appears to have arisen from a failure to distinguish between types of falls and the reasoning applicable thereto, some discussion of the several classifications may be helpful. In this discussion we are aided by the valuable summary in Larson's Workmen's Compensation Law, Vol. 1, pages 96 to 106 inclusive and pages 158 to 175 inclusive.

## Unexplained Falls

Where the cause of a fall is entirely unknown, but the fall occurs in the course of employment, most courts allow compensation. The theory of compensability seems to rest on a strong inference amounting to a presumption that the injury would not have occurred except for some condition, risk, or hazard of the employment, and therefore *arose out of* the employment. It falls upon the employer to rebut the inference and explain the fall. *Mailman's Case,* 118 Me. 172. The same presumption arises and the same result is reached in the case of unexplained deaths which occur in the course of employment. *Moriarty's Case,* 126 Me. 358; *Westman's Case,* 118 Me. 133; see Larson, *supra,* page 101.

## Idiopathic Falls

When an employee is suddenly overtaken by an internal weakness, illness, or seizure which induces a fall, such a fall is usually referred to as an idiopathic fall. The peculiar

aspect of such falls is that their originating cause is a physical condition personal to the victim and unrelated to the situation in which he happens to be or the external conditions of his employment. Injuries from such falls have, however, been held compensable whenever some *special and appreciable risk or hazard* of the employment has become a contributing factor.

*Falls from a height.* When an employee suffers an idiopathic fall in the course of his employment from a height above the level floor, compensation has quite uniformly been allowed, at least where the height is sufficient to constitute an appreciable risk or hazard of employment. *Baltimore Dry Docks* v. *Webster,* 139 Md. 616, 116 A. 842; *Santacroce* v. *Brick Works,* 182 App. Div. 442, 169 N. Y. S. 695; *Carroll* v. *Stables Co.,* 38 R. I. 421, 96 A. 208.

*Falls onto objects.* Compensation has usually been allowed for the results of idiopathic falls against objects which are present as part of the conditions of employment and which present some appreciable risk or hazard of employment. Examples of such objects are plant machinery, motor boxes, sawhorses, tables, posts and the like. *Industrial Com.* v. *Nelson,* 127 Ohio 41, 186 N. E. 735; *Varao's Case,* 316 Mass. 363, 55 N. E. (2nd) 451; *Ins. Co.* v. *Ind. Acc. Com.,* 75 Cal. App. (2nd) 677, 171 P. (2nd) 594; *Connelly* v. *Samaritan Hosp.,* 259 N. Y. 137, 181 N. E. 76; *Garcia* v. *Tex. Ind. Co.,* 146 Tex. 413, 209 S. W. (2nd) 333.

*Idiopathic falls induced by nature of work.* When an idiopathic fall is itself caused or induced by the nature of employment, it is compensable. A common example is the fainting spell or dizziness attributable to overexertion in employment. We allowed compensation when a watchman's leg pained and then collapsed as a result of exertion in making rounds and climbing stairs. *Webber's Case,* 121 Me. 410. The resulting fall was "tracable to his work" and caused by it.

*Level floor falls—no special risk.* When we reach consideration of the idiopathic fall to the level floor, not from a height, not onto or against an object, not caused or induced by the nature of the work or any condition of the floor, we are dealing with an injury which is in no real sense caused by any condition, risk or hazard of the employment. "To arise out of the employment, the injury must have been due to a risk of the employment." *Boyce's Case,* 146 Me. 335 at 341. "It is not sufficient to sustain an award that the employment occasioned the presence of the employee where the injury occurred." *Gooch's Case,* 128 Me. 86 at 91. As was stated in *Dasaro* v. *Ford Motor Co.,* 280 App. Div. 266, 113 N. Y. S. (2nd) 413, "The ground below is a universal and normal boundary on one side of life. In any epileptic fit anywhere, the ground or a floor would end the fall." It is true that a hard floor may enhance an injury, but in varying degree all floors are hard. All places of employment must have floors, be such floors only the hard packed soil of Mother Earth. We do not care to undertake the confusing task of determining from case to case when a floor is hard enough to constitute an appreciable risk or hazard and when not. One might fall heavily upon a cement floor without injury, while another might fall upon soft sand and break a wrist. We feel that the test of "hardness" of the floor too readily lends itself to a *reductio ad absurdum.*

We have reviewed with interest those cases which hold the contrary. They rest primarily upon the difficulty of distinguishing between falls from heights or falls against objects and falls from and to the level floor. Such a case was *Savage* v. *St. Aeden's Church,* 122 Conn. 343, 189 A. 599. This appears to have been a case of an *unexplained fall* and might have been decided on that ground. However, in a three to two decision, the majority announced the rule that idiopathic level floor falls are compensable. The dissenters insisted that such a rule disregards the "arising

out of employment" test. In accord with the *Savage* case, *Protectu Awning Shutter Co.* v. *Cline,* 154 Fla. 30, 16 So. (2nd) 342; *Barlau* v. *Minneapolis-Moline Power Imp. Co.,* 214 Minn. 564, 9 N. W. (2nd) 6; *Pollock* v. *Studebaker Corp.,* 97 N. E. (2nd) (Ind.) 631; *General Ins. Corp.* v. *Wickersham,* 235 S. W. (2nd) (Tex.) 215. In the *Wickersham* case *(supra),* the court pointed out that the fall was in fact unexplained, but went on to treat it as though caused by a "dizzy spell." The fall was upon a tile floor. In the *Pollock* case *(supra),* the fall was on a wood floor after the employee "blacked out." Here the court seems to lay stress on the *hardness* of the floor, a test which we cannot accept for the reasons above stated. The *Barlau* case *(supra)* was likewise a case of an unexplained fall, but the court treated the case as one involving an idiopathic level floor fall and held such falls compensable. The *Protectu* case *(supra)* involved a heart condition causing fainting spells, during one of which the employee fell upon a concrete floor. A dictum lends support to the compensability of idiopathic level floor falls, but the case seems on its facts to be one of an idiopathic fall *induced by overexertion.* The court cited in support of its holding *Brown's Case,* 123 Me. 424, which did not involve a fall, but which allowed compensation for an acute dilation of the heart *induced by overexertion* in shoveling snow.

Another line of cases denies compensation for idiopathic level floor falls. *Andrews* v. *L. & S. Amusement Corp.,* 253 N. Y. 97, 170 N. E. 506; *Cinmino's Case,* 251 Mass. 158, 146 N. E. 245; *Stanfield* v. *Industrial Com.,* 146 Ohio 583, 67 N. E. (2nd) 446; *Sears, Roebuck & Co.* v. *Industrial Com.,* 69 Ariz. 320, 213 P. (2nd) 672; *Remington* v. *Louttit Laundry Co.,* 77 R. I. 185, 74 A. (2nd) 442. The *Stanfield* case involved an idiopathic fall upon a concrete floor causing death. The court said in part, "The floor was in no sense an added risk or hazard incident to the employment. The decedent's head simply struck the common surface upon

which he was walking—an experience that could have occurred to him in any building or on the street irrespective of his employment."

In *Cinmino's* case *(supra)*, the employee in the course of his employment "made an outcry, threw up his hands, 'reeled around,' and for some physical reason not connected with his employment fell, striking his face on a concrete floor." He died as the result of a skull fracture. The court said:

> "We think there is no measurable distinction between the hazard of an employment where the floors are made of concrete and an employment where the floors are of hard wood, of soft wood, or of dirt, because of the fact that one material is of greater or less resiliency than another. To hold that a concrete floor in a place of employment is a danger which affects the risks which an employee encounters and is a hazard which arises out of an employment, would require a further holding, when the occasion arose, that any flooring of any material is a hazard of employment against which the statute gives compensation whenever there is a causal relation between the hazard and the injury. The causal relation in such a case is too remote and speculative for practical application."

It is only necessary for us to substitute the words "steel floor" for "concrete floor" in this statement in order to state the law which we deem applicable in the case before us.

As was stated in *White* v. *Ins. Co.*, 120 Me. 62 at 69,

> "In arriving at the above conclusion, we do not lose sight of the well settled rule that the Compensation Act should receive a liberal construction so that its beneficent purpose may be reasonably accomplished. Its provisions, however, cannot be justly or legally extended to the degree of making the employer an insurer of his workmen against all misfortunes, however received, while they happen to be upon his premises. Such was not the intent of the statute."

The Commission's decree states, "The lucid description of the manner of the fall and the contact with this particular type of flooring present to us an almost vicious condition under these particular and fortunately most unusual circumstances and clearly establish a causal relationship between the injury and the employment." We do not know what was intended by the use of the word "vicious." If it was intended to describe the condition of the floor, such a finding has no support in the evidence and is at variance with all the other findings of fact in the decree. The floor was merely hard. Apart from hardness, it presented no appreciable risk or hazard whatever to any employee in the course of his employment. We are not bound to accept a finding of fact by the Commission which is contrary to all the evidence. The evidence disclosed without conflict a fall from and to a hard level floor caused exclusively by some internal weakness or seizure personal to the decedent. Injuries resulting from such a fall are not compensable.

This being a case of novel impression in this state with serious and important questions of law involved, the Law Court orders the allowance of $250 to be paid to the petitioner by the respondent employer for expenses incurred in the proceedings of this appeal in accordance with R. S., 1944, Chap. 26, Sec. 41.

*Appeal sustained.*
*Compensation denied.*
*Allowance of $250 ordered to petitioner for expenses of appeal.*