### Martha E. BLACKWELDER

v.

### HEMINGWAY TRANSPORT, INC.

Supreme Judicial Court of Maine.

March 30, 1978.

Glassman & Potter by Caroline Glassman (orally), Portland, for plaintiff.

Hewes, Culley & Feehan by Peter W. Culley (orally), Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

The Industrial Accident Commission awarded compensation to appellee Martha Blackwelder, the widow of a deceased worker. In reaching this decision the Commissioner found that the incident which led to the employee's death arose out of and in the course of employment. The Commissioner refused to find that the incident was the result of intoxication or suicide. Appellant-employer now appeals challenging these findings.

Under the Maine Workmen's Compensation Act, a claim of an employer that an incident was the result of intoxication or intentional conduct of the employee is an affirmative defense. 39 M.R.S.A. § 61 (1964). Thus, the employer had the burden of proof on each of those questions. There was conflicting evidence in the record, and the Commissioner was justified in concluding that the employer had not established either of those defenses.

Section 51 of the Act provides that an employee is entitled to compensation for "personal injury arising out of and in the course of his employment." Ordinarily the employee must establish the necessary connection between the injury and employment in order to be entitled to a compensation award. When the employee has died, the employee's representative is entitled to the benefit of a "rebuttable presumption that the employee received a personal injury arising out of and in the course of employment." The Commissioner struggled with the problem of determining the effect of this presumption in the light of *Hinds v. John Hancock Insurance Company*, 155 Me. 349, 155 A.2d 721 (1959), *Metcalf v. Marine Colloids, Inc.*, Me., 285 A.2d 367 (1972), and Maine Rules of Evidence, Rule 301.[1] The Commissioner found that appellee had established the required nexus and therefore did not need the benefit of the presumption or possible alterations of the burden of proof. The Commissioner's ultimate conclusion is supported by competent evidence which is detailed in the Commission decree. Since the finding is supported by competent evidence we need not determine the effect of the presumption.

The entry is:

Appeal denied.

---

1. The Commission has not adopted the Maine Rules of Evidence, and they are not in terms applicable to the Commission. The Commission could use its rule-making power as set forth in 39 M.R.S.A. § 92 (1964) to establish rules of evidence to govern hearings before the Commission and clarify matters such as this one.

Judgment affirmed.

Further ordered that the appellant pay to the appellee an allowance for counsel fees in the amount of $550.00, together with her reasonable out-of-pocket expenses for this appeal.

DELAHANTY, J., did not sit.