BATEHAM *v.* PUBLIC SCHOOL EMPLOYEES' RETIREMENT FUND BOARD.

1. WORDS AND PHRASES—FULL-TIME WORK.
   "Full time," as the term is used with reference to hours of work, has reference to a customary or normal period of work for a day or a week in the establishment where the workman is employed for the kind of work he is hired to perform.

2. SAME—PART-TIME WORK.
   One who works only a part of a day, or only some days of a week, or only a few weeks out of a year cannot be said to be working at full time.

3. SCHOOLS AND SCHOOL DISTRICTS—SCHOOL BUS DRIVERS—SERVICE RETIREMENT ALLOWANCE—PART-TIME WORK.
   School bus drivers who worked 4 hours a day 5 days a week were properly found by the public school employees' retire-

---

REFERENCES FOR POINTS IN HEADNOTES

[3] Generally as to period of service, see 40 Am Jur, Pensions § 26.
[4, 6] 40 Am Jur, Pensions § 37 *et seq.*
[7] 34 Am Jur, Mandamus §§ 36, 55, 63, 122.
[8] 14 Am Jur, Costs § 91.

ment fund board to have been part-time employees not qualified to receive service retirement allowance requiring 15 years' service, where 20 years of service of such part-time employment was evaluated by the board in proportion of numbers of hours served per week bore to 40 (CL 1948, §§ 38.201, 38.202, 38.207, 38.215; Public School Employees' Retirement Fund Board Rule No 12).

4. SAME—PUBLIC SCHOOL EMPLOYEES' RETIREMENT FUND BOARD—RULES AND REGULATIONS.

The public school employees' retirement fund board has the duty of conserving the retirement fund from which retirement allowances are paid and to adopt rules and regulations to that end (CL 1948, § 38.202).

5. SAME—PUBLIC SCHOOL EMPLOYEES' RETIREMENT FUND BOARD—STATUTES.

The powers and duties of the public school employees' retirement fund board are controlled by the statute in effect at time plaintiffs sought service retirement allowances and not by predecessor statute (CL 1948, § 38.201 *et seq.*).

6. CONSTITUTIONAL LAW—LEGISLATURE—ADMINISTRATIVE RULES AND REGULATIONS.

The legislature, within limits defined in a law, may confer authority on an administrative officer or board to make rules as to details, to find facts, and to exercise some discretion, in the administration of a statute.

7. MANDAMUS—PUBLIC OFFICERS.

Mandamus to compel a public officer to perform a duty will not be granted unless the plaintiff has a clear legal right to have defendants perform a clear legal duty.

8. COSTS—MANDAMUS—PUBLIC QUESTION—SCHOOL BUS DRIVERS—SERVICE RETIREMENT ALLOWANCE.

No costs are allowed in mandamus to compel public school employees' retirement fund board to grant school bus drivers a service retirement allowance, a public question being involved (CL 1948, § 38.201 *et seq.*).

Mandamus by Charles Bateham and another against Public School Employees' Retirement Fund Board to compel classification of plaintiffs as regular employees and to require granting of pensions.

Submitted January 15, 1952.   (Calendar No. 45,029.)
Writ denied April 7, 1952.

*Burke, Burke & Smith,* for plaintiffs.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for defendants.

NORTH, C. J.   The 2 plaintiffs in this original proceeding in this Court seek mandamus to compel the Michigan public school employees' retirement fund board, which consists of the individually named defendants, to construe PA 1945, No 136, as amended (CL 1948, § 38.201 *et seq.* [Stat Ann 1949 Cum Supp § 15.893(1) *et seq.*]), in such a manner as will enable each of the plaintiffs to qualify for receipt of "service retirement allowance."   The retirement board had previously disallowed the petition of the respective plaintiffs for such retirement allowances.

At the outset, in the appended footnote,* we quote

---

\* PA 1945, No 136—Title in part:

"An act to provide for retirement systems for Michigan public school employees, as defined herein; to combine and continue the operations of  *  *  *   PA 1937, No 184, as amended, and  *  *  * PA 1941, No 56.

"CHAPTER I.

"Sec. 1.  *  *  *

"(a) 'Retirement system' shall mean the Michigan public school employees' retirement system provided for in this chapter.  *  *  *

"(f) 'Public school employee' shall consist of all employees of a board of education or school board of any public school district. (Specifying in particular certain employees.)  *  *  *

"(g) 'Annuity' shall mean annual payments for life derived from the accumulated contributions of members. It shall be the actuarial equivalent of the total accumulated deposits of the retiring employee.

"(h) 'Pension' shall mean annual payments for life derived from money provided by the State.

"(i) 'Retirement allowance' shall mean the sum of the annuity and the pension.

"(j) 'Service' shall mean service performed as a public school employee. In computing terms of service, a year shall be a legal school year at the time and place where said service was performed: *  *  *   Provided, however, That no more than 1 year's service

the provisions of the public school employees' retirement act which are most pertinent to the controverted issues in the instant case, and italicize the portions which seem most directly controlling.

There is no particular dispute as to the factual background of this case, which may be briefly outlined as follows: Each of these plaintiffs has been a bus driver for the Van Buren township consolidated schools. Charles Bateham was such a bus driver from September, 1927, until June, 1947, at which time he relinquished his work because of a regulation of the Van Buren township school board which made a school bus driver ineligible to drive after he had attained the age of 70 years, Mr. Bateham having arrived at the age of 72 years.

Plaintiff Hulett also served as a school bus driver for approximately the same period as Mr. Bateham and his services as such were terminated for the same reason. However, from September, 1936, to June, 1943, Mr. Hulett had additional duties as at-

shall be counted for retirement purposes in any fiscal year: Provided further, *That where an employee serves on a part time basis, the retirement board shall have the right to evaluate such service and determine the credit therefor:* Provided, however, That not less than 150 days shall constitute a school year." (CL 1948, § 38.201 [Stat Ann 1949 Cum Supp § 15.893(1)].)

"Sec. 2. * * * The administration and management of the retirement system, responsibility for making effective the provisions of this chapter, *and the authority to make all rules and regulations necessary therefor are hereby vested in the retirement board.*" (CL 1948, § 38.202 [Stat Ann 1949 Cum Supp § 15.893(2)].)

"Sec. 7. * * * The retirement board shall make rules and regulations not inconsistent with the provisions of this chapter, which shall provide for * * * the payment of annuities, pensions, and allowances therefrom (*i.e.,* the retirement fund)." (CL 1948, § 38.207 [Stat Ann 1949 Cum Supp § 15.893(7)].)

"Sec. 15. * * * On and after July 1, 1945, any member or person who has attained the age of 60 years, and who has served as a Michigan public school employee as defined under this chapter and/or chapter 1 of PA 1937, No 184, as amended, and/or chapter 1 of PA 1941, No 56, for a period of 15 years, shall upon retirement from service be entitled to a retirement allowance. * * *

"Upon retirement from service as herein provided after attaining age 60, a member shall receive a service retirement allowance." (CL 1948, § 38.215 [Stat Ann 1949 Cum Supp § 15.893(15)].).

tendance officer. It seems to be agreed that the actual time during which each of these plaintiffs served for the respective periods, above noted, in driving the school busses was 4 hours per day for 5 days each week; and there were also some special occasions on which one or the other of these plaintiffs drove a bus incident to school activities, such as cultural, recreational and athletic trips. As a school bus driver each of these plaintiffs was subject to telephone call, and charged with the duty of keeping his bus clean and seeing to it that it was properly serviced. But it seems that such extra service was not reported to the school district for the purpose of making a record for service retirement allowance, "in accordance with instructions" by the proper school authorities. It is because of services rendered of the character above noted and for the periods above noted, that the respective plaintiffs assert a right to receive service retirement allowance. On or about September 29, 1948, they were notified that their applications therefor had been denied.

But the claims of these plaintiffs must be considered in the light of the following circumstances. Prior to plaintiffs' applications for service retirement allowance, and in August, 1947, the Van Buren township school board passed a regulation, effective September 1, 1947, prohibiting the employment of bus drivers over the age of 70 years. And on or about December 14, 1945, evidently acting under its authority provided in section 1, subd (j), of the act (see footnote), the defendant board adopted rule 12 which reads as follows:

"Part-time school employees shall receive service credit in the proportion that the number of hours served per week bears to 40."

There seems to be no dispute in the record that if the defendant board is correct in applying rule 12 to

the claim of each of these plaintiffs on the theory that they were only "part-time" employees neither of them is entitled to service retirement allowance, and mandamus should be denied. But, on the other hand, if, as plaintiffs contend, instead of being "part-time" employees, they were "regular" employees, they are entitled to the relief prayed.

As submitted by the respective litigants the controlling issue may be stated as follows:

"Is a regularly employed, nonteaching, public school employee, whose hours of labor are less than 8 hours per day, a 'part-time employee' within the meaning of PA 1945, No 136?" See CL 1948, § 38.201 *et seq.* (Stat Ann 1949 Cum Supp § 15.893 [1] *et seq.*).

Plaintiffs herein assert that employees or "workers are either regular, daily workers, or part-time workers and that a part-time employee is someone like a substitute teacher, or substitute driver, that is, one who is an employee only part of the time, not all the time." And they say: "Our point is that the daily bus driver who is a regular employee, working all of the time, month in and month out, is not a 'part-time' employee."

Under the statutory provisions and the regulations adopted by it, the Michigan public school employees' retirement fund board held that neither of these plaintiffs had served "for a period of 15 years" as required in chapter 1, § 15, of the act. This result was reached in consequence of the retirement fund board having evaluated the services of the respective plaintiff bus drivers as "part-time school employees" whose actual services extended over a period of 20 hours per week, and in consequence the board determined that the weekly service credit of each plaintiff should be for only ½ of a 40-hour week. The action of the board in the above respect was taken in con-

sequence of the provision in chapter 1, § 1, subd (j), of the act, which reads:

"That where an employee serves on a part-time basis, the retirement board shall have the right to evaluate such service and determine the credit therefor."

Plaintiffs cite in support of their contention only 1 decision, *Sherrod* v. *Lawrenceburg School City,* 213 Ind 392 (12 NE2d 944), which they claim is directly in point. Plaintiff in the *Sherrod Case* was an art teacher who regularly taught only 12 days each month. In passing upon her claim under the Indiana teachers' tenure act, the school authorities took the position that she was only a "part-time" employee. The court reached an opposite result, and in its opinion said:

"The law does not require that teachers shall teach every day, or every hour of every day. Such subjects as art or music may require fewer hours of teaching. This is in the discretion of the school authorities. But appellant was undoubtedly regularly employed, teaching the same subject a given number of days per month, over a period of years, and must be considered a regular teacher (as distinguished from a part-time teacher)."

However, the above noted decision is not particularly helpful, and certainly not controlling in the instant case, for the reason that the Indiana teachers' tenure statute (6 Burns Ann Stat 1933 [1948 Replacement], § 28–4301 *et seq.*) contains no provision comparable to that in the Michigan statute, just above quoted, to-wit:

"That where an employee serves on a part-time basis, the retirement board shall have the right to evaluate such service and determine the credit therefor."

While the case involved a controversy which arose under the workmen's compensation statute, rather than one providing for payments out of a teachers' retirement fund, the supreme court of New Hampshire gave careful and detailed consideration as to the proper interpretation to be given to the words "full time" as used in the New Hampshire statute.

"The defendant argues that 'full time' during a period of depression may well be less than full time when business is good; that if in a given year a workman works all the time that his employer has work for him to do he works 'full time' for that year. * * *

"We think that the words 'full time' in an industrial community like ours have acquired a definite significance which is generally recognized and well settled by popular usage. This term, like its close relatives part time and overtime has reference to a customary or normal period of work. All of these terms assume that a certain number of hours customarily constitute a day's work and that work for a certain number of days constitutes a week's work within a given industry or factory. One who works less than the usual number of hours per day is said to have a part-time job. One who works more than the usual number of hours per day is said to work overtime. When a factory runs only 3 days per week it is said to be running on part time and its employees say that they are only working part time. Full time ordinarily signifies the normal or customary period of labor per day or per week in the establishment where the workman is employed for the kind of work which he is hired to perform." *Cote v. Bachelder-Worcester Co.,* 85 NH 444 (160 A 101, 82 ALR 1239).

While its decision also pertains to the workmen's compensation law, the supreme court of Kentucky in passing upon what constitutes "working at full time" said:

"One who works only part of a day, or only 2 or 3 days out of a week, or only a few weeks out of the year, cannot be said to be working at full time. We therefore conclude that the words, 'at full time,' necessarily mean a full working day for 6 days in every week of the year." *Beaver Dam Coal Co.* v. *Hocker,* 202 Ky 398 (259 SW 1010).

While *Lee* v. *Villard Consolidated School District No. 5,* 192 Minn 449 (257 NW 90), was also a case which arose under a workmen's compensation statute, decision necessitated passing upon whether plaintiff's deceased husband, Glen Lee, who "worked an average of 3 hours per day 5 days a week" driving his bus as a school bus, was a part-time employee of the school district. The court held that Lee was a part-time worker.

While for present purposes we do not attach to it too much importance, "part time" is defined in Webster's New International Dictionary (2d ed) as follows: "Less than full time. Also, employment at less than the customary number of hours per week."

As hereinbefore noted, the act in chapter 1, § 2, provides:

"The administration and management of the retirement system, responsibility for making effective the provisions of this chapter, and the authority to make all rules and regulations necessary therefor are hereby vested in the retirement board." CL 1948, § 38.202 (Stat Ann 1949 Cum Supp § 15.893 [2]).

Rule 12, adopted by the defendant board, reads:

"Part-time school employees shall receive service credit in the proportion that the number of hours served per week bears to 40."

And the statute contains the following:

"Provided further, That where an employee serves on a part-time basis, the retirement board shall

have the right to evaluate such service and determine the credit therefor: Provided, however, That not less than 150 days shall constitute a school year." CL 1948, § 38.201 (Stat Ann 1949 Cum Supp § 15.893 [1]).

Further, acting under its statutory powers, the Van Buren township school board adopted the regulation, effective September 1, 1947, prohibiting the employment of bus drivers over the age of 70 years.

It must not be overlooked that the law imposes on the defendant board the duty of conserving the fund from which retirement allowances are paid, and to adopt proper rules and regulations to that end. The statute provides that any person who withdraws from the service without having qualified for a retirement allowance shall have a refund of payments made by such person. (CL 1948, § 38.222 [Stat Ann 1949 Cum Supp § 15.893(22)].) Plaintiffs make no claim of bad faith on the part of defendants. Rather, plaintiffs contend that by its rules and regulations the defendant board has deprived plaintiffs of rights afforded them under the earlier act (PA 1941, No 56), and in doing so the retirement board was guilty of a "wholly capricious act." But, with that contention we do not agree. The powers and conduct of the defendant board are controlled by PA 1945, No 136, as amended.

"The right to allow an administrative agency to adopt rules and regulations to effectuate the purposes of the legislation is well recognized. (Citing numerous cases.) * * *

"'In *Argo Oil Corporation* v. *Atwood,* 274 Mich 47, it was said: "It is too well settled to need the citation of supporting authorities that the legislature, within limits defined in the law, may confer authority on an administrative officer or board to make rules as to details, to find facts, and to exercise some discretion, in the administration of a stat-

ute." ' "  *Coffman* v. *State Board of Examiners in Optometry,* 331 Mich 582, 589.

We conclude that the defendant board properly classified and held plaintiffs to be part-time employees within the meaning of the pertinent portions of PA 1945, No 136, as amended. The record before us is not such as would justify the issuance of a writ of mandamus, because it does not appear there is a clear legal duty, as asserted by plaintiffs, on the part of the defendants and a clear legal right on the part of plaintiffs to the discharge of that duty. *McLeod* v. *State Board of Canvassers,* 304 Mich 120.

Plaintiffs' petition for mandamus is denied; but since a question of public concern is presented, no costs will be awarded.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.