**JUNEAU LUMBER CO., Inc.**

v.

**ALASKA INDUSTRIAL BOARD et al.**

**No. 7029-A.**

District Court, Alaska,
First Division, Juneau.

July 30, 1954.

Robert Boochever, Faulkner, Banfield & Boochever, Juneau, Alaska, for plaintiff.

Frederick O. Eastaugh, Robertson, Monagle & Eastaugh, Juneau, Alaska, for Houghton.

J. Gerald Williams, Atty. Gen., of Alaska, for Alaska Industrial Board.

FOLTA, District Judge.

The sole question presented is as to the scope of the statutory definition of the terms "child" and "children", as used in the Workmen's Compensation Act, Section 43–3–38, A.C.L.A.1949. The plaintiff contends that foster children are excluded and that, therefore, the allowance by the Alaska Industrial Board of $1800, under Section 43–3–1(3) of the Act, to the defendant Houghton, widow of the deceased employee, is unauthorized. The defendant contends to the contrary.

The first compensation act, Chapter 71, S.L.A.1915, provided that:

Sec. 1(B) "In those cases where such married employee had children under the age of sixteen (16) years at the time of his death, his widow shall be entitled to receive * * * the sum of Six Hundred ($600.00) Dollars for each child under the age of sixteen (16) years which such employee left at the time of his decease."

Sec. 8 "Step parents shall be regarded in this Act as parents; and an adopted child, or adopted children, or a step child, or children, shall be regarded in this Act as issue of the body."

Section 1(B) was amended by Chapter 44, S.L.A.1917, to include children wholly dependent upon the parents for support by reason of physical or mental incompetency, and unborn and posthumous children. Chapter 25, S.L.A.1929, added the following: "Sec. 46. 'Child' or 'children' shall mean a child or children under the age of 16 years dependent upon the injured employee for support"; and Section 1(2), Chapter 9, E.S.L.A.

1946, increased the age limit to 18 years. In the compilation of 1949 the foregoing provisions appear as Sections 43–3–1(3), 43–3–11, and 43–3–38. It should be noted that the words "for such dependent children" was first added to Section 43–3–1 by Chapter 60, S.L.A.1953.

It would thus appear that three classes were provided for, namely:

(1) Legitimate, adopted and step-children under 18 years of age;

(2) Incompetent and dependent children regardless of age;

(3) Unborn and posthumous children.

The crucial question then is as to the intent of the Legislature in adding in 1929 the following: "For the purposes of this Act 'child' or 'children' shall mean a child or children under the age of 16 years, dependent upon the injured employee for support."

It will be noted that nothing was added to existing law except the requirement of dependency. Obviously, since this requirement could have no application to the second and third classes, it is arguable that it was intended to limit the scope of the first class by the condition of dependency, and, indeed, this would ordinarily be a reasonable inference. But here there are two reasons why this inference cannot be drawn. It would make the addition by Chapter 60, S.L.A.1953 of the words "for such dependents" to the first class wholly superfluous and meaningless, and it would ignore the fact that in the evolution of the workmen's compensation system the trend has been toward enlargement and liberalization of its provisions rather than contraction and restriction.

 Moreover, since independence under 18 is rare, it is improbable that the Legislature would concern itself with such an exception to the extent of making specific provision therefor. Hence, I am inclined to the view that it was presumed that all children under 18 were dependent and that the addition made in 1929 was intended to bring within the purview of the act all dependent children,

and that, therefore, the addition in 1953 of the words "for such dependent children" affected the first class only. Not only is there no reason why those who stand in loco parentis to dependent children should be denied such benefits, but it would seem to be sound public policy to provide such benefits in view of the fact that one of the objectives of the workmen's compensation system is to provide support for those made destitute by the death of their provider.

This construction gives effect to every part of the act bearing on the point in controversy, and requires that the award be upheld.