PART-TIME COURT CLERK HELP — PAYMENT PAYMENT FROM COURT FUND Parttime help in the office of the Court Clerk can be paid from the Court Fund. The Court Fund cannot be raided by splitting full-time helper jobs into parttime helper jobs. An employee in the Court Clerk's office who works 37-1/2 hours of each 37-1/2 hour work-week is not a part-time helper and should not be paid from the Court Fund. The Attorney General has had under consideration your letter of July 9, 1970, wherein you, in effect, ask: 1. Can part-time help in the office of the Court Clerk be paid from the Court Fund? 2. If the answer is yes, what determines whether an employee is parttime help? 3. May employees who are paid on an hourly wage basis for 37-1/2 hours per week be paid from the Court Fund as parttime help when the Court Clerk's office is customarily open only 37-1/2 hours per week? Title 20 O.S. 1304 [20-1304] (1969), provides in part: "Claims against the Court Fund shall include only such expenses as may be lawfully incurred incident to the operation of the court in said county, and are approved by the governing board of the Court Fund or a majority thereof. The term 'expenses' shall include payments . . . for . . . part-time help . . .; provided further, that no salaries of full-time court clerks and deputy court clerks shall be paid out of the Court Fund. . . ." In a former opinion from this office (No. 69-264) the Attorney General held: "That a part-time county employee of the Court Clerk hired specifically to operate a photostatic machine for purposes of making court records may be paid from the Court Fund." Therefore, it is the opinion of the Attorney General that part-time help in the office of the Court Clerk can be paid from the Court Fund. In order to properly distinguish between what constitutes "part-time" as opposed to "full-time" help, it would be necessary to study the particular fact situation involved before making a determination. Each situation must be closely observed to insure that only part-time help is paid from the Court Fund. Circumvention of this obvious Legislative intent must not be allowed. Monies from the Court Fund should not be used to pay the salaries of two part-time helpers where their duties could be adequately performed by one full-time helper. The Court Fund cannot be raided by splitting full-time helper jobs into part-time helper jobs. Employment practices which would indirectly accomplish what cannot be directly accomplished must not be tolerated. In regard to what determines whether help is part-time or full-time, it can generally be said that "part-time" means less than "full-time" and usually constitutes less than the customary hours per week. See Bateman v. Michigan Public School Em. Retirement Fund Bd., 333 Mich. 264,52 N.W.2d 693. Therefore, it is the further opinion of the Attorney General that a careful analysis of each particular fact situation must be made in order to determine whether an employee is "part-time help" entitled to be paid from the Court Fund pursuant to the provisions of 20 O.S. 1304 [20-1304] (1969). The facts presented indicate that the Court Clerk's office is customarily open 37-1/2 hours work each week. The facts further indicate that the employees in question are paid on an hourly wage basis for 37-1/2 hours work per week. Under these facts which indicate that the employees in question are paid on a basis which implies that they worked the entire time during which the Court Clerk's office was open, they should be considered full-time employees and should not be paid from the Court Fund. Therefore, it is the further opinion of the Attorney General that an employee in the Court Clerk's office who works 37-1/2 hours of each 37-1/2 hour work-week is not part-time help as contemplated in 20 O.S. 1304 [20-1304] (1969), and should not be paid from the Court Fund. (William M. Bonnell) ** SEE: OPINION NO. 73-254 (1973) **