854

[No. 1855-3. Division Three. December 28, 1977.]

DWAYNE M. CARROLL, *Respondent*, v. UNIVERSAL
IRRIGATION, INC., ET AL, *Appellants.*

*Robert L. Zagelow, Alan L. Engstrom,* and *Minnick &
Hayner,* for appellants.

*John A. Wilkins* and *Horton, Wilkins, Faurholt & Kerr,*
for respondent.

GREEN, J.—Plaintiff commenced this action against defendants to recover under the Alaska Workmen's Compensation Act for injuries incurred in that state. Defendants appeal from a judgment for plaintiff.

Alaska refused to waive jurisdiction and the parties stipulated that the claim was governed by the workmen's compensation laws in Alaska. Under the act, plaintiff was allowed to either (1) claim statutory compensation benefits, or (2) file an action for damages against his employer, since no premiums had been paid on his behalf. Plaintiff elected to pursue the latter course.

Defendants assign error to the trial court's interpretation of various provisions of the act. They contend: (1) Universal Land–Ice Harbor and Universal Land–Snake River should have been dismissed; (2) The act does not apply because as a matter of law, plaintiff was a part–time employee; (3) If the act applies, evidence of comparative negligence should have been admitted to mitigate damages; (4) The giving and refusing to give certain instructions was error.

First, defendants argue that plaintiff was employed by Universal Irrigation, Inc., and not by the two Universal Land companies. They claim that Universal Land was not transacting any business in Alaska, and therefore, those two defendants should have been dismissed as a matter of law. We disagree.

The evidence in dispute is whether plaintiff was employed by Universal Irrigation or Universal Land. The trial court submitted to the jury by special interrogatory the question of which defendant employed plaintiff when he was injured in Alaska. The jury determined that plaintiff was employed by all defendants.

Where the evidence is disputed, the trier of fact is to determine the employee's status. *Searfus v. Northern Gas Co.,* 472 P.2d 966 (Alas. 1970). The issue of dual employment, a question of fact, arises when an employee is under the control of several employers. If dual employment is

found, the employers are liable. *Laborers & Hod Carriers Local 341 v. Groothuis,* 494 P.2d 808 (Alas. 1972).

Here, the trial court could not have found as a matter of law that plaintiff was employed by a particular defendant. Over the term of plaintiff's employment, he had been paid by each of the companies without relationship to the specific work being performed. Consequently, he never knew by whom he was employed. Therefore, the court properly treated the issue as a question of fact for the jury. The refusal to dismiss the two Universal Land companies was not error.

Second, defendants contend the court erred in submitting the question of whether plaintiff was a part–time employee to the jury. It is argued that by virtue of Alaska Stat. § 23.30.230,[1] plaintiff is, as a matter of law, a part–time employee and, therefore, exempt from the act. We disagree.

The evidence reveals that plaintiff was employed periodically during the first half of 1970, to erect center pivot irrigation sprinkler systems. Whenever defendants called upon him to erect such a system, he would work continuously until the system was completed. In July 1970, plaintiff was hired to erect a system in Alaska and worked an average of 15 hours per day for 10 straight days to complete the project. The trial court submitted the issue of whether plaintiff was a part–time employee to the jury under an instruction setting forth Alaska Stat. § 23.30.230 verbatim. The jury found by special interrogatory that plaintiff was not a part–time employee.

In *Searfus v. Northern Gas Co., supra,* the court held that the issue of whether claimant was an employee is to be submitted to the jury. It follows that whether plaintiff is a part–time employee within the act may also be a question

[1]Alaska Stat. § 23.30.230 states:

"As defined by regulations adopted by the board, part–time baby sitters, cleaning persons, harvest help and similar part–time or transient help are not covered by this chapter."

of fact for a jury. Under the facts of this case, it is evident that a factual issue is presented.[2] We find no error.

Third, defendants argue that the trial court erred in prohibiting them from presenting evidence of plaintiff's comparative negligence to reduce the amount of damages awarded. We disagree.

Alaska Stat. § 23.30.055 provides that when an employer fails to secure payment of compensation, an injured employee may elect to claim compensation or to maintain an action at law for damages. In such action, the defendant–employer "may not plead as a defense that . . . the injury was due to the contributory negligence of the employee." Further, Alaska Stat. § 23.30.080 states that if the employer fails to comply with the act by carrying insurance, the employer

> may not escape liability for personal injury . . . sustained by an employee when the injury sustained arises out of and in the usual course of the employment because . . .
>
> (3) the employee was negligent . . .

Notwithstanding these provisions of the Workmen's Compensation Act, defendants argue that *Kaatz v. State,* 540 P.2d 1037 (Alas. 1975), applies. There, the court judicially abrogated the doctrine of contributory negligence as a

---

[2]The cases cited by defendants for a contrary position are not persuasive:

*Lee v. Villard Consol. School Dist. 5,* 192 Minn. 449, 257 N.W. 90 (1934) (The widow of a deceased employee not entitled to full benefits since husband worked 5 hours per day, thus part time, because full–time employment in school district was classified as 8–hour day.); *Bateham v. Michigan Pub. School Employees' Retirement Fund Bd.,* 333 Mich. 264, 52 N.W.2d 693 (1952) (Retirement benefits received on a proportional basis because claimants worked 4 hours per day, less than a "regular" 8–hour day workweek.); *Renee v. Corsi,* 293 N.Y. 501, 58 N.E.2d 513 (1944) (Unemployment compensation denied where claimant enrolled as regular day–school student.). These cases employ the criterion, the number of hours and days worked per week, for determining part–time or full–time status of an employee. Whereas, here, the Alaska statute describes "part–time" to be in the nature of baby sitters, cleaning persons, harvest or transient help. Thus, the statutory criterion is not quantity of hours or days worked, but rather, the type and character of the employment.

defense and adopted comparative negligence. It is contended that since the defense of comparative negligence is not specifically barred by the statute and would not totally defeat the employee's claim as would the defense of contributory negligence, application of comparative negligence in reducing the award would not be inconsistent with the underlying policy of the act. We disagree.

*Kaatz* did not involve a workmen's compensation claim, but rather, was an ordinary negligence case arising from an auto accident. Further, the court carefully limited the scope of its determination:

> [W]e must determine whether the doctrine of contributory negligence should continue to operate as a complete bar to all recovery *in cases of this type.*

(Italics ours.) *Kaatz v. State, supra* at 1040. It also expressly recognized that its decision would raise questions in other areas of the law. The court reasoned that comparative negligence provided a better distribution of the risk under a *fault* system of liability. However, here, we are *not* concerned with a fault system of liability. The purpose of the Alaska Workmen's Compensation Act is to provide prompt and adequate recovery for injuries based on a *no-fault* system. *Killisnoo Packing Co. v. Scott,* 14 F.2d 86 (9th Cir. 1926); *Dierks v. Alaska Air Transp., Inc.,* 14 Alas. 159, 109 F. Supp. 695 (D. Alas. 1953); *Hanson v. Benson,* 179 F. Supp. 130 (D. Alas. 1959); *Juneau Lumber Co. v. Alaska Indus. Bd.,* 15 Alas. 101, 122 F. Supp. 663 (D. Alas. 1954).[3] Consequently, *Kaatz* is inapplicable.

Additionally, in most states, workmen's compensation acts permit actions by the employee against the employer for personal injury where the employer failed to provide for the insurance required by the statute. In such actions, the compensation acts deprive the employer of certain common-law defenses, *i.e.,* assumption of the risk, contributory

---

[3]The act must be given a fair, liberal and practical construction and application to effectuate its purpose. "[T]he trend has been toward enlargement and liberalization of its provisions rather than contraction and restriction." *Juneau Lumber Co. v. Alaska Indus. Bd.,* 122 F. Supp. 663, 664.

negligence and negligence of a fellow servant. The purpose behind such provisions is to induce employers to comply with workmen's compensation laws which are intended to provide uniform recovery in a no–fault system. 2A Larson, *Workmen's Compensation Laws* § 67.10, at 12–32 (1976); 1 Schneider, *Workmen's Compensation Text* § 91, at 230 (perm. ed. 1941); 101 C.J.S. *Workmen's Compensation* § 939, at 401 (1958).

Accordingly, the Alaska act specifically precludes the employer from utilizing contributory negligence as a defense or *escaping liability* because the employee was negligent. Alaska Stat. § 23.30.055; Alaska Stat. § 23.30–.080.[4] A showing of comparative negligence to diminish plaintiff's award would allow the employer to escape liability for a portion of plaintiff's injuries. This would be inconsistent with the above–noted policy and purpose of workmen's compensation laws. For the foregoing reasons, the judicially created defense of comparative negligence in Alaska does not apply in this case.[5]

---

[4]We note that Alaska Stat. § 23.25.020 of the Employers' Liability Act enacted in 1949, which allows the employee to bring an action against the employer for injuries sustained during employment and eliminates common–law defenses by the employer, specifically adopts a comparative negligence rule to diminish the employee's award. However, when the Alaska legislature adopted the present Workmen's Compensation Act, which has been held to have partially repealed the liability act (*Haman v. Allied Concrete Prods., Inc.*, 495 P.2d 531, 534 (Alas. 1972), Alaska Stat. § 23.30.055), the legislature did not include a similar comparative negligence rule, but outlawed the use of the common–law defenses by the employer. Had the legislature intended the comparative negligence rule to apply, it seems apparent that it would have specifically adopted it as was done in Alaska Stat. § 23.25.020.

[5]A reading of the Alaska Workmen's Compensation Act makes it apparent that the only issue in this action is whether the employer was negligent. Once this is shown, the act creates a presumption that the employer's negligence was the proximate cause of the injury, which was the first result growing out of the employer's negligence, and the burden of proof rests on the employer to rebut the presumption. Alaska Stat. § 23.30.080. Thus, the defense that a wrongful or negligent act by the employee was the *sole* proximate cause of his injury would be permitted to be shown by the employer, since this defense would rebut the presumption. Therefore, in order for the employee's negligence to prevent a recovery, it must have been the only negligence proximately causing the injury and the

Fourth, defendants contend instructions Nos. 2,[6] 8,[7] and 9,[8] relating to burden of proof and presumption of negligence, were improper. We disagree.

These instructions are in accord with and worded in the language of Alaska Stat. § 23.30.080(b), which provides that if the injury arises out of and in the usual course of

employer must not have been guilty of any negligence. Such a showing of employee negligence would not be contributory or comparative, but one of primary negligence preventing recovery if the trier of fact so determined.

[6]Instruction No. 2 reads:
"The plaintiff has the burden of proving each of the following propositions:
"First, that the alleged injury occurred in the usual course of employment;
"Second, the identity of the employer by whom the plaintiff was employed.
"The defendant has the burden of proving one or more of the following propositions:
"First, that the plaintiff was not covered by the provisions of the Alaska Workmen's Compensation Act and was a part–time or transient employee;
"Second, that the injury to the employee was not the first result growing out of the negligence of the employer;
"Third, that the employer's negligence was not the proximate cause of the plaintiff's injury."

[7]Instruction No. 8 reads:
"You are instructed that an Alaska statute which was in effect at the time of the occurrence provides that in an action by an employee against an employer for personal injury sustained arising out of and in the course of employment where the employer has failed to insure or provide security, it is presumed that the injury to the employee was the first result growing out of the negligence of the employer and the employer's negligence was the proximate cause of injury; the burden of proof rests upon the employer to rebut this presumption of negligence."

[8]Instruction No. 9 reads:
"You are instructed that the plaintiff is presumed to be covered by the Workmen's Compensation Law of Alaska. The burden is on the defendants to prove that the plaintiff was not included under the law because at the time he was working in Alaska he came under the exemptions in Section 23.30.230 of the Workmen's Compensation Law of Alaska, which reads as follows:
"*Persons not covered.* As defined by regulations adopted by the board, part–time baby sitters, cleaning persons, harvest help and similar part–time or transient help are not covered by this chapter.
"In construing the meaning of a statute, where particular words are followed by general terms, the latter will be regarded as referring to things of a like class with those particularly described, and will not be used to enlarge the particular words described."

employment and the employer has not complied with the act by providing for insurance:

> ▇t is presumed that the injury to the employee was the first result growing out of the negligence of the employer and that the employer's negligence was the proximate cause of the injury; the burden of proof rests upon the employer to rebut this presumption of negligence.

See footnote 4.

Further, it is presumed that plaintiff comes within the intended protection of the act unless he is not an employee under the act. It is incumbent on the employer to show the employee is not covered,[9] because an "employee" is within the presumptive area of protection. *See Searfus v. Northern Gas Co.*, 472 P.2d 966, 969 (Alas. 1970). As discussed above, the question of plaintiff's status as an employee or part-time help, which would determine whether the act applied, was properly submitted to the jury. We find no error in these instructions.

▇▇ Last, defendants argue that the court erred in giving instruction No. 7[10] which set forth the statute which eliminated the common-law defenses. They argue that since no

---

[9]Defendants rely on *Ostrem v. Alaska Workmen's Compensation Bd.*, 511 P.2d 1061 (Alas. 1973), and argue that the presumption of coverage only works to create a presumption that the injury is work-connected. *Ostrem* deals with a claim for benefits, not a direct action against the alleged employers. The Board determined that the evidence showed Ostrem to be an independent contractor; hence, he was not entitled to benefits. However, here, defendants concede that plaintiff was their employee, but they contend he was "part-time help." Once plaintiff was an employee, he was presumed to be covered by the act, as so instructed in instruction No. 9. The burden, then, to prove part-time status was on the defendants.

[10]Instruction No. 7 reads:

"You are instructed that the Alaska statute provides that if an employer fails to comply with the securing of Workmen's Compensation Insurance, he may not escape liability for personal injury by the employee when the injury sustained arises out of and in the usual course of the employment because the employee assumed the risk inherent to or incidental to or arising out of his employment, or a risk arising from the failure of the employer to provide and maintain a reasonably safe place to work or the risk arising from the failure of the employer to furnish reasonably safe tools or appliances; or because the employer exercises reasonable care in selecting reasonably competent employees in business."

evidence of comparative negligence was admitted, the instruction was prejudicial. Our review of the record reveals that defendants elicited testimony from which the jury could have inferred some negligence or assumption of the risk by the plaintiff. Therefore, the court properly gave the instruction which was in accordance with the Alaska statute, Alaska Stat. § 23.30.080(b), to insure proper consideration of the evidence by the jury. The instructions given adequately informed the jury of the law of the case and allowed the parties to argue their theories. There is no error.

Judgment of the Superior Court is affirmed.

MUNSON, C.J., and McINTURFF, J., concur.